IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
AUG 15 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06CR203-MHT |
| | ) | [18 USC 922(a)(6); |
| JOSEPH LEE STRINGER | ) | 18 USC 922(g)(3); |
| | ) | 18 USC 924(a)(1)(A)] |
| | ) | |
| | ) | |
| | ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

1. On or about November 25, 2003, in Pike County, within the Middle District of Alabama, defendant

**JOSEPH LEE STRINGER,**

in connection with his acquisition of a firearm–that is, a Taurus, Model Utlralight, .38 Special Revolver, a better description of which is unknown to the Grand Jury, from a federally licensed firearms dealer, Dunn's True Value, 1004 S. Brundidge St., Troy, Alabama, 36081–knowingly made false and fictitious written statements to employees of Dunn's True Value, which statements were likely to deceive employees of Dunn's True Value, as to a fact material to the lawfulness of such sale or acquisition of the firearm previously described in this Count to Stringer under Chapter 44 of Title 18, because Stringer represented that he was not an unlawful user of controlled substances, when in fact, as Stringer well knew, he was an unlawful user of controlled substances, including marijuana

and crack cocaine.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 2

2. On or about May 5, 2005, in Pike County, within the Middle District of Alabama, defendant

**JOSEPH LEE STRINGER,**

then being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess in and affecting commerce, a firearm, more specifically a Taurus, Model Utlralight, .38 Special Revolver, a better description of which is unknown to the Grand Jury.

All in violation of Title 18, United States Code, Section 922(g)(3).

## COUNT 3

3. On or about October 4, 2005, in Montgomery County, within the Middle District of Alabama, defendant

**JOSEPH LEE STRINGER,**

in connection with his acquisition of the following firearms:

    (a) Lorcin, Model L380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

    (b) Davis, Model P380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

    (c) Bryco Arms, Model 38, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

  (d)  Bryco, Model Jennings T380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

  (e)  HIPOINT, Model CF380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

  (f)  Weihrauch, Hermann, .32 Caliber Revolver, a better description of which is unknown to the Grand Jury;

from a federally licensed firearms dealer–Capital Pawn Shop, Inc., 4359 Troy Highway, Montgomery, Alabama, 36116–knowingly made false and fictitious written statements to employees of the Capital Pawn Shop, which statements were likely to deceive employees of the Capital Pawn Shop, as to a fact material to the lawfulness of such sale or acquisition of the firearms previously described in paragraphs 3(a) to 3(f) of this Count to Stringer under Chapter 44 of Title 18 because Stringer represented that he was not an unlawful user of controlled substances, when in fact, as Stringer well knew, he was an unlawful user of controlled substances, including marijuana and crack cocaine.

  All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FORFEITURE ALLEGATION

  A.  Counts 1 through 3 of this Indictment are hereby repeated and incorporated herein by reference.

  B.  Upon conviction for any violation of Title 18, United States Code, Section 922 or 924, as alleged in Counts 1 through 3 of the Indictment, the defendant,

**JOSEPH LEE STRINGER,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924

and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of any of these offenses, including but not limited to the following:

    (1) Taurus, Model Utlralight, .38 Special Revolver, a better description of which is unknown to the Grand Jury;

    (2) Lorcin, Model L380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

    (3) Davis, Model P380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

    (4) Bryco Arms, Model 38, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

    (5) Bryco, Model Jennings T380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

    (6) HIPOINT, Model CF380, .380 Caliber Pistol, a better description of which is unknown to the Grand Jury;

    (7) Weihrauch, Hermann, .32 Caliber Revolver, a better description of which is unknown to the Grand Jury.

    C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred, sold to, or deposited with a third person;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or,

    (5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section

853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in paragraph B above.

All in violation of Title 18, United States Code, Section 922 and 924.

A TRUE BILL:

*Janice Davis Williams*
Foreperson

*Leura G. Canary*
LEURA G. CANARY
United States Attorney

*John T. Harmon*
JOHN T. HARMON
Assistant United States Attorney

*Christopher A. Snyder*
CHRISTOPHER A. SNYDER
Assistant United States Attorney