FILED
OCT 2 3 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 2:06CR203
)
JOSEPH LEE STRINGER )
)

## PLEA AGREEMENT

DEFENSE COUNSEL:         JENNIFER HART

ASSISTANT U.S. ATTORNEY:    CHRISTOPHER A. SNYDER

### COUNT AND STATUTE CHARGED:

Counts 1 and 3:   18 U.S.C. §§ 922(a)(6), 924(a)(2) (Lying on a Federal Firearms Application)

Count 2:   18 U.S.C. § 922(g)(3) (Drug User in Possession)

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 2:   18 U.S.C. § 922(g)(3) (Drug User in Possession)

### PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 2: Sentence: a term of imprisonment of not more than ten years; a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100 per count; and an order of restitution.

### ELEMENTS OF THE OFFENSE

Count 2:

1. The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

2. Defendant was an unlawful user of controlled substances as defined in Section 102 of the Controlled Substance Act, 21 USC 802 at or near the time of possession.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney, and Jennifer Hart, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment in this case and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.  If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees that:

    a. Pursuant to U.S.S.G., App. A of the 2005 Sentencing Guidelines, the applicable guideline is U.S.S.G. § 2K2.1.

    b. Because the defendant was a prohibited person at the time of the offense, the Base Offense Level is 14.  See U.S.S.G. § 2K2.1(a)(6).

    c. A 2-level enhancement is applicable because of the number of guns involved in the offenses charged.  See U.S.S.G. § 2K2.1(b)(1)(A).

    d. The 2-level decrease for acceptance of responsibility is applicable.  See U.S.S.G. § 3E1.1(a), so long as, between the date of this agreement and the date of sentencing, defendant does not obstruct justice, commit any new federal or state offenses, or otherwise fail to accept responsibility for the offense conduct.

    e. The government will move for an additional 1-level decrease based on defendant's timely notification of his intent to plead guilty.  See U.S.S.G. § 3E1.1(b).

  f. No other adjustments are applicable.

2. The government agrees, with the defendant, to a term of incarceration at the low end of the applicable Guideline's range.

3. At sentencing, the Government will move to dismiss Counts 1 and 3 of the Superceding Indictment.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

1. The defendant agrees to plead guilty to Count 2 of the Superceding Indictment.

2. The defendant agrees with the calculation of the offense level and the sentence as set forth in paragraphs 1, 2, and 3 of the government's provisions.

3. The defendant further agrees to the following:

  a. To forfeit any and all firearms in his possession.

  b. To not commit state, federal, or local crimes.

  c. To waive appeal and collateral attack as detailed below.

### FACTUAL BASIS

The defendant admits the allegations charged in Count 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 2.

On or about May 5, 2005, in Pike County, within the Middle District of Alabama, the defendant Joseph Lee Stringer, then being an unlawful user of a controlled substance as defined

in 21 U.S.C. § 802, did knowingly possess a firearm, more specifically a Taurus, Model Utlralight, .38 Special Revolver. That firearm had moved in interstate commerce.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct or to pursue ineffective assistance of counsel or prosecutorial misconduct in a post conviction collateral proceeding. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1. The defendant, before entering a plea of guilty to Count 2 of the Superceding Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the

defendant's authorization and consent.

    b.    The defendant acknowledges that a breach of this plea agreement will not entitle him to withdraw his guilty plea in this case. The defendant understands and acknowledges that the defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

    c.    The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee per count is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the Court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

    d.    The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.   The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.   The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.   The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.   The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

j.   The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement

made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    2.    The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3.  The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 19TH day of October, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Christopher A. Snyder
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

_____
Andrew O. Schiff
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I

HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, <u>Jennifer Hart</u>.

*Joseph Lee Stringer* (signature)
Joseph Lee Stringer
Defendant

10-26-06
Date

*Jennifer Hart* (signature)
Jennifer Hart
Attorney for the Defendant

10-23-06
Date